BOCHENEK *v.* NILEWSKI.

1. APPEAL AND ERROR—LIBEL AND SLANDER—WEIGHT OF EVIDENCE.
   In action for slander, where witness testified positively that defendant had made slanderous statement, verdict for plaintiff cannot be said to be against great weight of evidence, although defendant denied making it.

2. TRIAL—INSTRUCTIONS—INTERPRETERS.
   Instructions given jury as to testimony given through interpreter, *held,* not open to objection.

3. SAME—OBJECTIONS—EVIDENCE—WAIVER.
   Where counsel, after objecting to leading question put to witness through interpreter, said "Go ahead; ask anything you want to; let him get it in," objection of said nature was waived.

4. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
   Motion for new trial on ground of newly-discovered evidence was properly denied, where proposed. witness was present during trial, and reasonable diligence would have discovered existence of said evidence.

5. LIBEL AND SLANDER—DAMAGES—EXCESSIVE VERDICT.
   Verdict of $600 for slanderous statement by defendant that he was father of married woman's fourth child cannot be said to be excessive, especially where original verdict was for $1,100 and was reduced on denial of motion for new trial.

Error to Ottawa; Miles (Fred T.), J. Submitted October 17, 1930. (Docket No. 99, Calendar No. 35,006.) Decided December 2, 1930. Rehearing denied January 23, 1931.

Case by Stella Bochenek against Tony Nilewski for slander. Judgment for plaintiff. Defendant brings error. Affirmed.

*Leo C. Lillie,* for plaintiff.

*Hugh E. Lillie* and *Robinson & Parsons,* for defendant.

SHARPE, J. This action is for slander, based upon an alleged statement made by the defendant to a neighbor that he had not attended the christening party of plaintiff's child ''because the baby would look like him, as he had got her husband drunk, and had had intercourse with the said Stella Bochenek, and was the father of the baby.'' Plaintiff had verdict in the sum of $1,100, but, on motion for a new trial, one of the grounds of which was that the verdict was excessive, the trial court required the plaintiff to remit the sum of $500, which she did, and a judgment for $600 was entered, of which defendant seeks review by writ of error.

1. It is insisted that the verdict is against the great weight of the evidence. The neighbor testified positively that the defendant had made the statement, quoted above, to him. The defendant denied it. The jurors saw the witnesses, and heard them testify. The trial judge did also. The record presents no sufficient grounds for setting aside the verdict for this reason.

2. Error is assigned upon the instructions given the jury. An interpreter was used for some of the witnesses, and the court with much caution, as we think, alluded to this difficulty, and sought to aid the jury in comprehending the testimony so given. The claims of the parties were fairly presented to them, and it seems apparent that they must have fully understood the issues presented for their consideration.

3. Somewhat leading questions were put to plaintiff's witness through the interpreter. After objec-

tion by defendant's counsel and some discussion, he finally said: "Go ahead, ask him anything you want to. Let him get it in." This statement clearly waived any objection of this nature.

4. A woman, to whom defendant had deeded his property just prior to his arrest on *capias ad satisfaciendum* issued in the case, made affidavit after the trial that the plaintiff had told her about trouble with her husband before he learned of the alleged statement. Plaintiff's claim for damages was in part based upon the treatment of her husband after this information came to him. The declaration so alleged. This woman was present during the trial. It would seem that reasonable diligence on the part of defendant would have discovered the existence of such evidence. In any event, it could but have affected the amount of the verdict.

5. As reduced, the verdict cannot be said to be excessive, even if the newly-discovered evidence be considered. An attack was made upon the chastity of the plaintiff. She was the mother of four children. Her suffering by reason of the circulation of the slanderous statement, found by the jury to have been made by the defendant, cannot well be measured in dollars and cents. In our opinion, the judgment of the trial court in this respect should not be disturbed.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.